# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| KIM BROWN on behalf of ) | |
| PATRICK WALKER, a minor ) | |
| Plaintiffs, ) | |
| ) | No. 08 CV 2637 |
| v. ) | Judge Blanche M. Manning |
| ) | |
| OFFICER KEITH IRVIN, and the ) | |
| CITY OF CHICAGO, ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

In advance of the upcoming trial in this matter, the parties have filed a number of motions seeking pretrial rulings on the admissibility of evidence and raising other pretrial issues. The court addresses each motion in turn.

**DEFENDANTS' MOTIONS IN LIMINE**

### 1. Motion to Remove Kim Brown as a Party [107-1]

The defendants ask the court to remove Kim Brown as a plaintiff. Originally, Brown filed suit on behalf of her minor son, Patrick Walker, who has alleged claims of excessive force and battery based upon conduct of defendant officer Keith Irvin. Walker is now no longer a minor and therefore, the defendants contend, Kim Brown's presence is unnecessary because she was uninvolved in any of the conduct alleged in the complaint.

The plaintiffs admit that Walker is no longer a minor, but state that Brown should nevertheless remain as a party because her "interest was viable from the inception of the cause of action when Patrick was a minor and it certainly persists up and until Patrick reached his majority." Response [130-1] at 2.

Under Federal Rule of Civil Procedure 17(b), a minor's next friend has the capacity to sue on behalf of the minor. Walker is no longer a minor and, therefore, Brown no longer has capacity to sue on his behalf. *See Vargas v. City of Chicago*, No. 09 CV 7916, 2011 WL 3101770, at 81 n.1 (N.D. Ill. July 21, 2011) (removing mother as next friend after daughter had attained age of majority).

Accordingly, the defendants' motion in limine #1 is granted. The clerk is directed to remove Kim Brown from the docket and to designate Patrick Walker as suing in his individual capacity. The court shall henceforth refer to only plaintiff Walker.

## 2. Motion to Exclude Witnesses from the Courtroom [108-1]

The defendants ask the court to exclude from the courtroom all witnesses except the parties while other witnesses are testifying. Walker does not object and, therefore, the motion is granted.

## 3. Motion to Bar Evidence or Argument that the City of Chicago May Indemnify Defendant Irvin or that City of Chicago is Paying for the Defense of this Case [109-1]

The defendants ask the court to bar any evidence or argument that the City of Chicago (a) may indemnify defendant Irvin or that (2) it is paying for his defense.

Walker does not object to barring evidence of indemnification and, therefore, that portion of the motion is granted.

Walker objects to barring evidence that the City of Chicago is paying the defense costs because "the jury may not be prejudiced by any insinuation regarding payment of attorney fees." Response [132-1] at 4. However, Walker has failed to address the more fundamental issue of how such evidence would be relevant and have thereby forfeited any argument that the evidence is relevant. *See White Eagle Cooperative Ass'n v. Conner*, 553 F.3d 467, 476 n.6 (7th Cir. 2009) (undeveloped arguments unsupported by citations to authority are forfeited).

Because Walker has forfeited any argument about the relevance of evidence the City of Chicago is paying to defend Irvin, the motion to bar such evidence is granted.

## 4. Motion to Bar Evidence of Civilian Complaints, Lawsuits, Arrests, and Disciplinary History of Defendant Irvin [110-1]

In this motion, the defendants seek to bar evidence of other complaints about Irvin's conduct. Specifically, they seek to bar evidence of (a) a citizen complaint about unspecified conduct that was investigated by the Office of Professional Standards and determined to be unfounded; (b) statements by other students at Walker's high school that they had heard from others that Irvin was known to use excessive force with students; (c) a verbal confrontation Irvin had with another person for which he may have been disciplined; (d) any other lawsuits filed against Irvin.

Under Federal Rule of Evidence 404(b), evidence of other crimes, wrongs, or acts is not admissible "to prove the character of a person in order to show action in conformity therewith," though it may be admissible for "other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

Walker contends that evidence of Irvin's past conduct is relevant for a purpose other than as character evidence. However, he merely quotes the other potential purposes set out in Rule 404(b), making no attempt to identify which of those purposes is applicable to this case. By failing to offer any explanation of why evidence of Irvin's past conduct is relevant as evidence of motive, opportunity, intent, or the other permissible purposes, Walker has forfeited such an argument. *See White Eagle Cooperative*, 553 F.3d at 476 n.6 (undeveloped argument unsupported by citations to authority are forfeited).

In any event, the court can discern no relevance of such evidence. The facts to be determined at trial appear to be limited to whether Irvin engaged in the conduct alleged by Walker. Attempting to use evidence that Irvin may have engaged in similar conduct in the past in order to show that he engaged in the conduct alleged is the very use prohibited under Rule 404(b). Moreover, any testimony by students about complaints they heard made by other students would be inadmissible hearsay. *See* Fed. R. Evid. 802.

Accordingly, the defendants' motion to bar evidence of citizen complaints, statement of other students, Irvin's verbal confrontation, and other lawsuits is granted.

**5.  Motion to Bar Evidence that Defendant Irvin was Ever Affiliated with a Gang [111-1]**

Walker does not object to the defendants' motion to bar evidence that Irvin was ever in or affiliated with a gang or that he tells students stories about gangs.

Accordingly, the motion to bar such evidence is granted.

**6.  Motion to Bar Evidence of Walker's Injuries [112-1]**
**Motion to Bar Medical Bills Dated After August 21, 2009 [114-1]**

**A.  Motion to Bar Evidence of Injuries**

The defendants seek to bar evidence of some of the injuries Walker contends he suffered because of Irvin's alleged use of excessive force. Specifically, the defendants seek to bar evidence of Walker's reports of headaches, heart palpitations, and post-traumatic stress disorder. Walker sought treatment for these ailments from two different doctors, but during the depositions of those doctors, the doctors were unable to offer an opinion about whether the ailments were caused by Irvin's alleged conduct. The defendants contend that without expert medical testimony connecting the ailment's to Irvin's conduct, any testimony or other evidence about the injuries should be excluded.

Walker responds that even though they have no expert testimony to establish causation, jurors can determine for themselves whether injuries that Walker contends he suffered were caused by Irvin.

Expert medical testimony is not required when jurors' "common experiences and observations" would allow them to determine the cause of an injury. *See Hendrickson v. Cooper*, 589 F.3d, 887, 892 (7th Cir. 2009). For instance, in *Hendrickson*, jurors' common experiences and observations allowed them to conclude that an inmate's back pain was caused by a corrections' officer who had kneed the inmate in the back. *Id.*

Walker testified during his deposition that Irvin hit him with a close fist multiple times including to the chest and stomach, grabbed him by the neck, threw him down a flight of stairs, and that his head slammed into a wall. Jurors' common experiences and observations would allow them to conclude that any headaches, heart palpatations, and post-traumatic stress disorder that followed such an attack could have been caused by the attack.

Accordingly, Walker is entitled to present evidence of injuries that he contends were the result of Irvin's alleged use of excessive force, and the motion to bar such evidence is denied.

### B. Motion to Bar Medical Bills Dated After August 21, 2009

In the event that the defendants were unable to exclude *all* evidence of Walker's reports of headaches, heart palpatations, and post-traumatic stress disorder, they argue in the alternative that the court should bar any evidence that Walker obtained treatment for these injuries at any time after August 21, 2009. In the parties' proposed pretrial order, Walker lists medical invoices from 2010 and 2011 as exhibits he intends to use at trial. But the defendants assert that Walker never supplemented his discovery responses or otherwise produced those invoices and, therefore, should be barred from presenting the invoices at trial.

In response, Walker concedes "that he has not provided defendants' with updated medical reports since August 21, 2009," but contends that he did not receive all of the medical invoices from his insurance company until July 1, 2011, and states conclusorily and without elaboration that his failure to supplement is "harmless." Response [135-1] at 10.

Under Federal Rule of Civil Procedure 37(c)(1), a party who has failed to supplement its discovery responses as required by Rule 26(e) cannot use at trial the information it failed to disclose "unless the failure is substantially justified or is harmless." The "sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation . . . was either justified or harmless." *Salqado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998).

As Walker has admitted, he has not produced any medical records or invoices from after August 21, 2009, even though he has identified invoices from 2010 and 2011 that he plans to use at trial. He also admits that he has had all the records and invoices since at least July 1, 2011, but failed to attach any of the post-August 2009 records or invoices to his response to the motion to exclude. As a result, like the defendants, the court is in the dark about what medical treatments Walker received after August 21, 2009, or what other information the invoices contain. Without

the invoices or any attempt by Walker to explain their contents, the court has no ability to assess whether Walker's continuing failure to produce the invoices is harmless.

Furthermore, the defendants' motion to exclude the post-August 2009 medical records put Walker on notice that the defendants may seek additional discovery or to redepose Walker's doctors depending on the information contained in the records. Had Walker produced the documents upon receiving the motion in limine, or had he attached them to his response or described or summarized them, the defendants might have had time to obtain discovery or redepose witnesses. By failing to produce the records or to otherwise describe them, Walker has exacerbated the prejudical effect that an eve-of-trial production could have, which in turn could threaten to derail the scheduled start of trial.

Because the burden falls on the party who has violated the disclosure requirements of Rule 26 to show that the violation was justified or harmless, and because Walker has made no attempt to satisfy that burden, the court is bound by Rule 37(c)(1) to exclude any evidence of Walker's medical treatment after August 21, 2009.

Accordingly, the motion to exclude is granted.

### 7. Motion to Bar Lay Opinions on Walker's Injuries [113-1]

Next, the defendants seek to bar lay opinions regarding (a) whether Irvin caused Walker's headaches, heart palpatations, or post-traumatic stress disorder, and (b) Walker's future medical needs. Walker does not object and, therefore, the motion is granted.

## PLAINTIFF'S MOTION IN LIMINE

### 1. Motion to Bar Evidence of Prior Bad Acts [116-1]

Walker filed a single motion in limine seeking to exclude evidence of prior bad acts. However, he has since determined that the issue is better raised at trial. *See* Reply [139-1] at 2. Accordingly, the motion is stricken.

## PLAINTIFF'S MOTION TO REOPEN DISCOVERY FOR EVIDENCE DEPOSITION

In this motion, Walker seeks to reopen discovery in order to conduct an evidence deposition of one of his treating physicians, Dr. Cyrus Akrami, who will purportedly be unavailable to testify at trial. However, it is undisputed that Dr. Akrami has already been deposed and, in fact, excerpts were provided to the court during briefing of the parties' motions in limine. Although state law distinguishes between discovery and evidentiary depositions, the Federal Rules of Civil Procedure do not. *See Wilhold v. Gebke*, No. 04 CV 586, 2005 WL 2467669, at *1 (Oct. 6, 2005 S.D. Ill.). As a result, Dr. Akrami's purported unavailability for trial does not establish a reason for reopening discovery in order to redepose him.

Therefore, the motion to reopen discovery [144–1] is denied.

## CONCLUSION

For the reasons stated, the defendants' motions in limine are resolved as follows: motions [107-1], [108-1], [109-1], [110-1], [111-1], [113-1] and [114-1] are granted, while motion [112-1] is denied. The plaintiff's motion in limine [116-1] is stricken as withdrawn by the plaintiff, and his motion to reopen discovery [144-1] is denied. The clerk is directed to remove Kim Brown from the docket and to designate Patrick Walker as suing in his individual capacity.

ENTER:

DATE: August 30, 2011

Blanche M. Manning
United States District Judge