Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 CV 2637 | **DATE** | September 22, 2011 |
| **CASE TITLE** | *Walker v. Coleman* | | |

**DOCKET ENTRY TEXT**

The plaintiff's motion for reconsideration [170-1] is granted.

■ [ For further details see text below.]  Docketing to mail notices.

00:00

## STATEMENT

Prior to trial, the defendants filed a motion *in limine* seeking an order barring the plaintiff "from introducing any medical bill (other than those from Dr. Kromnal, which were produced at her September 2010 deposition) dated after August 21, 2009 (the date of Plaintiff's last visit to Dr. Akrami)." Motion [114-1] at 3. The defendants argued that they first learned about the existence of later-dated medical bills only because the plaintiff identified them as exhibits in a draft pretrial order they received on July 6, 2011, two days before filing the motion *in limine*. The defendants argued that they were prejudiced because without the bills, they could "not know the basis for any of these visits, Plaintiff's medical complaints, any treatment he received, any diagnoses made, or even the name of the physician who Plaintiff saw."

In his response in opposition to the motion, the plaintiff admitted that he "has not produced any medical records or bills or supplemented any discovery response to identify additional medical treatment Plaintiff has received" since the deposition of his treating physician on August 21, 2009, except for medical bills of his psychiatrist, Dr. Kromnal. which were used during her deposition on September 20, 2010. Nevertheless, he argued that the failure to produce was harmless because "[d]efendants well know that the basis of the hospital visits are connected with the incident that occurred on February 27, 2008." Response [137-1] at 5.

The defendants obtained the relief they sought when the court granted their motion to exclude medical bills dated after August 21, 2009, except those from Dr. Kromnal used during her September 20, 2010, deposition. The court held that counsel's admitted failure to produce any medical bills after August 21, 2009, except for those used during Dr. Kromnal's deposition, left the defendants in the dark about what treatments the plaintiff received and, therefore, the failure to produce was not harmless.

The plaintiff has now filed a motion to reconsider, in which he asks the court to be allowed to: (1) call Dr. Kromnal as a witness, and (2) use as exhibits not only the medical invoices produced during her deposition on September 20, 2010, but also the invoices she generated after her deposition.

Rulings on motions *in limine* are preliminary in nature, and subject to revision at trial. *Farfaras v. Citizens Bank & Trust of Chicago*, 433 F.3d 558, 565 (7th Cir. 2006). "The ruling [on a motion *in limine*] is subject to

change when the case unfolds, particularly if the actual testimony differs from what was contained in the defendant's proffer. Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Luce v. United States*, 469 U.S. 38, 41-42 (1984).

The court begins by noting that the court's ruling on the defendants' motion *in limine* to bar certain medical bills granted only the relief the defendants sought. The defendants sought only to exclude medical bills, not witnesses. Accordingly, the court never barred the plaintiff from questioning Dr. Kromnal at trial.

As for the medical bills the court excluded, the order excluded only those medical bills dated after August 21, 2009, except that it did not bar medical bills of Dr. Kromnal used during her September 20, 2010, deposition because the defendants did not seek to bar the plaintiff's use of those bills.

Thus, the only remaining subject of the motion to reconsider are medical bills for services provided by Dr. Kromnal after her September 20, 2010. In his motion to reconsider, the plaintiff states that on July 28, 2011, he mailed all of the post-August 21, 2009, medical bills to defense counsel. In support, he attaches the cover letter addressed to defense counsel forwarding the medical bills. At the time of the court's August 30, 2011, ruling on the motions *in limine*, it was unaware of this production because it occurred two days after the plaintiff filed his response in opposition to the motion *in limine*. The defendants have not denied receiving this production, which occurred more than seven weeks before trial. Nor did the defendants seek any additional discovery they thought would be necessary in light of the production.

The primary basis for the court's ruling on the motion to exclude medical bills was the court's impression that the defendants were "in the dark" about what information the bills contained. Order dated August 30, 2011 [150-1] at 4. However, in light of the fact that medical bills for services Dr. Kromnal provided after her September 20, 2010, deposition were in fact produced on July 28, 2011, seven weeks before trial, the court finds that the failure to supplement by failng to provide Dr. Kromnal's post-September 2010 medical bills earlier than July 28, 2011, was harmless.

Accordingly, the plaintiff's motion to reconsider is granted and the court's August 30, 2011, ruling on the motion to bar medical bills is revised as follows: the plaintiff is not barred from using at trial the medical bills of Dr. Kromonal from after her September 20, 2010, deposition that were produced to the defendants on July 28, 2011.